# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GUY C. CURRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5337** |
| **OMNI HOTELS MANAGEMENT CORPORATION, ET AL.** | **SECTION: "P" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff Guy Curry's Motion to Continue the Deadline for Disclosure of Damages Experts (R. Doc. 53). Defendants, Omni Hotels Management Corporation, Royal O Real Estate Holdings, LLC, Axis Insurance Company, and Illinois Union Insurance Company, oppose the motion.[1] Plaintiff filed a reply memorandum in support of his motion.[2] Having considered the motion, the parties' memoranda, and the applicable law, the Court finds Plaintiff's Motion should be **GRANTED**.

The Court recently granted the parties' joint motion to continue the trial, pretrial conference, and other deadlines in this matter on the basis that Plaintiff was continuing to receive extensive medical treatment and was unlikely to achieve maximum medical improvement prior to the then-scheduled trial.[3] At the time the joint motion was filed, the parties had already exchanged expert reports. Because the basis of the continuance was Plaintiff's ongoing medical treatment, the parties agreed there was no need to continue the expert report deadline as to liability experts. With respect to expert reports on the issue of damages, Defendants consented to a continuance of this deadline on the condition that any new damage expert reports be limited to information on Plaintiff's medical treatment that came available *after* Plaintiff's initial May 31, 2024 expert

---

[1] R. Doc. 57.
[2] R. Doc. 62.
[3] R. Docs. 49–50.

disclosure deadline.  In other words, Defendants did not want the continuance to allow for new opinions based on information that could have been, but was not, included in Plaintiff's initial expert reports.  Plaintiff disagreed with the limitation Defendants sought to impose.  Accordingly, the parties sought a continuance of the deadlines upon which they fully agreed should be continued and informed the Court that Plaintiff intended to file a separate, contested motion to address the continuance of the damages expert report deadline.  In the Court's Order granting the joint motion to continue the trial and other deadlines, the Court ordered Plaintiff to file his contested motion to continue the deadline for disclosure of damages expert opinions by September 17, 2024.[4]  Plaintiff then filed the instant motion in compliance with the Court's Order.

      The Court has carefully considered the arguments from all parties.  Ultimately, the Court finds good cause to continue, in full, the parties' deadlines to provide disclosures of damages experts.  Plaintiff's medical history is complex.  It is clear a major issue in this litigation will be whether, or to what extent, Plaintiff's injuries and damages are related to the incident that is the subject of this litigation as opposed to his subsequent automobile accident for which he is also seeking treatment to similar parts of his body.  To form accurate and reliable damages opinions, the parties' experts will likely need to rely on information that occurred before May 31, 2024.  Moreover, the Court finds that any prejudice Defendants will suffer as a result of this continuance is sufficiently cured by allowing Defendants to also issue new damages expert disclosures.

      The Court is also not persuaded by Defendants' arguments that, at their core, ask the Court to deny Plaintiff's motion because Defendants would not have previously consented to a trial continuance if they knew then what they know now.[5]  Defendants' arguments rest on their mistaken belief that the trial in this matter was continued solely because of the parties' consent.

---

[4] R. Doc. 50.
[5] *See* R. Doc. 57 at 12–14.

While the parties' consent certainly carries weight in the Court's consideration of whether to grant a continuance, ultimately the Court's decision to modify a scheduling order depends on whether there has been good cause shown.[6]  In this instance, the parties' consent motion to continue the trial and other deadlines in this matter explained that Plaintiff was continuing to undergo medical treatment, that his physicians had recommended additional back and/or neck surgeries, and that Plaintiff was unlikely to reach maximum medical improvement by the time of trial.[7]  The Court therefore granted the parties' motion and continued the trial in this matter.  Plaintiff has likewise shown good cause for the modification of the parties' deadlines to provide disclosures of damages experts without the limitation proposed by Defendants.

Accordingly,

**IT IS ORDERED** that Plaintiff Guy Curry's Motion to Continue the Deadline for Disclosure of Damages Experts (R. Doc. 53) is **GRANTED**.

New deadlines for the parties' Federal Rule of Civil Procedure 26(a)(2) disclosures of damages experts will be provided following the parties' October 15, 2024 Preliminary Conference with the Court's Case Manager.

New Orleans, Louisiana, this 2nd day of October 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[6] *See* FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").
[7] R. Doc. 49.